## STONE *vs.* MILLER.

A plea in bar, containing matter in abatement, is bad on general demurrer.

A plea alledging the pendency of a former suit, commenced by the defendant against the plaintiff, *in a plea of trespass on the case*, in which the present plaintiff had set off the same identical demand sued on, in the second suit, is demurrable.

ERROR from Wayne county court. The cause was originally tried before a justice of the peace. Miller, the plaintiff before the justice, declared against Stone in assumpsit for work, labor and services performed by the plaintiff's son, who was a

Stone *v.* Miller.

minor at the time, and for goods sold, &c. and for money had and received, &c. The defendant pleaded 1st. the general issue, and 2d. the pendency of a former suit before another justice, commenced by Stone against Miller, *in a plea of trespass on the case.* That issue was joined in that suit, which issue was pending and undetermined at the time of putting in this plea; averring that in that suit the plaintiff set off against the demand of the defendant the same identical cause of action set forth in this action; which action remained to be determined. The plaintiff demurred specially to the second plea, and the justice sustained the demurrer,

In a supplemental return, the justice stated that he was unable to set forth all the reasons assigned by the plaintiff as causes of demurrer, but among them was the following : " The plaintiff objected to the dilatory plea, saying that it was too late after the general issue, and I so understood the law, and sustained the plaintiff's objection to such dilatory plea." The justice rendered judgment for the plaintiff for $25, which the county court affirmed. This writ of error was brought to reverse the judgment of the county court and that of the justice.

*T. R. Strong,* for the plaintiff in error.

*John W. Cary,* for the defendant in error.

*By the Court,* WELLES, J. The judgment of the county court should be affirmed.

1st. The plea upon which the question arises was of matter in abatement, and was bad on general demurrer, as a plea in bar. It was nevertheless pleaded in bar.

2d. The first suit was an action of trespass on the case. This does not necessarily mean an action in which a set-off was admissible. It may have been trover or for fraud, or any other action on the case not including an action on a contract. Indeed an action on the case is not understood to include assumpsit, debt, or covenant, which are about the only actions

---

sounding in contract, triable before a justice. If it was not founded upon a contract, a set-off would be inadmissible if objected to.

Judgment affirmed.

